**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jesus Praxedes Castro-Montano,

Petitioner,

vs.

United States of America,

Respondent.

CASE NO. CV-05-638-TUC-FRZ
CR-05-378-TUC-FRZ

**ORDER**

Petitioner has filed a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)." He has also filed an "Application to Proceed *In Forma Pauperis* by a Prisoner (Habeas)."

**In Forma Pauperis Application**

In his in forma pauperis application, Petitioner seeks to proceed without the prepayment of fees. Because there is no fee to file a § 2255 motion, the Court will deny the in forma pauperis application as moot.

**§ 2255 Motion**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not

> entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

**Background**

Pursuant to a plea agreement, Petitioner entered a plea of guilty to the Indictment, which charged him with entering and being found in the United States after having been denied admission, excluded, deported, and removed from the United States, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2).

The plea agreement provided for a sentencing range of 30-37 months if the offense was a Level 24 offense and Petitioner had a Criminal History Category II. The Court imposed a sentence of thirty months, the lowest possible sentence under the plea agreement for Petitioner's Offense Level and Criminal History Category II.

In his motion, Petitioner contends that his guilty plea was "unlawfully induced or not made voluntarily or with understanding." He contends: "I didn't know what I was getting myself into when I plead [sic] guilty – I thought I was getting probation, not 30 months."

**Discussion**

When a defendant is represented by counsel during the plea process and pleads guilty based upon the advice of counsel, the defendant can "'only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel'" was outside "'the range of competence demanded of attorneys in criminal cases'" **and** was prejudicial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct 366, 369-70, 88 L. Ed. 2d 203 (1985) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973), and *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. at 370.

Petitioner faced a significantly more serious sentence had he been found guilty after a trial. He does not dispute that his Offense Level was 24 and that he had a Criminal History II. Under the Sentencing Guidelines, the sentencing range for an Offense Level 24 and Criminal History II is 57-71 months. Petitioner has failed to demonstrate any reasonable probability that he would not have pled guilty and would have insisted on proceeding to trial where, if convicted, he would have faced a significantly higher sentence.[1] Accordingly, Petitioner's claim fails. *See Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (Court "do[es] not have to evaluate both prongs of the [*Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] test if the defendant fails to establish one.").

**Conclusion**

Accordingly,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #23 in CR-05-378-TUC-FRZ) is **DENIED** and this case (CV-05-638-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's "Application to Proceed *In Forma Pauperis* by a Prisoner (Habeas)" (U.S.D.C. document #24 in CR-05-378-TUC-FRZ) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on Petitioner.

DATED this 7th day of November, 2005.

FRANK R. ZAPATA
United States District Judge

---

[1]Petitioner has not explained why he thought he "was getting probation." The plea agreement, which was translated into Spanish and which Petitioner discussed with his attorney, provides sentences ranging from six to seventy-one months.